# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| FOUR CELLULAR TELEPHONES THAT ARE | ) | |
| CURRENTLY IN THE POSSESSION OF THE | ) | Case No. 20-sw-276 |
| FEDERAL BUREAU OF INVESTIGATION IN | ) | |
| WASHINGTON, D.C | ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A incorporated herein.

located in the _____ District of _____ Columbia _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC § 2119(1) | Carjacking |

The application is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Pen Register Applicant's signature*

Erik Potrafka, Special Agent
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____ telephone _____ *(specify reliable electronic means)*.

Date: _____ 10/30/2020 _____

_____
*Judge's signature*

City and state:  Washington, D.C. _____

MAGISTRATE JUDGE G. MICHAEL HARVEY
_____
*Printed name and title*

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means    ☑ Original          ❏ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>FOUR CELLULAR TELEPHONES THAT ARE<br>CURRENTLY IN THE POSSESSION OF THE<br>FEDERAL BUREAU OF INVESTIGATION IN<br>WASHINGTON, D.C | )<br>)<br>)   Case No.  20-sw-276<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____Columbia_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A incorporated herein.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B incorporated herein.

**YOU ARE COMMANDED** to execute this warrant on or before _____11/13/2020_____ *(not to exceed 14 days)*
❏ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____MAGISTRATE JUDGE G. MICHAEL HARVEY_____ .
*(United States Magistrate Judge)*

❏ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❏ for _____ days *(not to exceed 30)*   ❏ until, the facts justifying, the later specific date of _____ .

Date and time issued:      _____10/30/2020_____          _____
*Judge's signature*

City and state:  Washington, D.C._____          MAGISTRATE JUDGE G. MICHAEL HARVEY
*Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>  20-sw-276 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A**

PROPERTY TO BE SEARCHED

The TARGET DEVICES listed below, are currently in the possession of the FBI in

Washington, D.C.:

- TARGET DEVICE 1: Black in color iPhone (ATTACHMENT A-1);

- TARGET DEVICE 2: Black in color Samsung cellular phone with cracked screen IMEI# 351767110827671 (ATTACHMENT A-2)

- TARGET DEVICE 3: Rose in color iPhone with black case T-Mobil Provider SIM card with numbers 8901260175 753389135 (ATTACHMENT A-3) and

- TARGET DEVICE 4: Black in color iPhone with clear case AT&T SIM card with numebrs 8901410427 2836464870 (ATTACHMENT A-4)

# ATTACHMENT B

## I.     Property to be Seized

The items to be seized are all evidence, contraband, fruits of crime, or other items, used in the commission of Carjacking, in violation of Title 18 USC § 2119(1) (Carjacking); (the TARGET OFFENSES), including, but not limited to: call logs, phone books, photographs, voice mail messages, text messages, images and video, Global Positioning System data, and any other stored electronic data that:

1. reflects communications relating to the use, possession of, access to, transfer, need for, or purchase of firearms and vehicles, and specifically, the firearms and carjacked vehicles in this case, which would constitute evidence of the TARGET OFFENSES;
2. contains photographs of firearms and vehicles, and the firearms and carjacked vehicles in this case, which would constitute evidence of the TARGET OFFENSES;
3. reflects the ownership and use of the TARGET DEVICES;
4. reflects communications between ELLIS and other individuals, discussing the possession and use of firearms and illegal narcotics, and trafficking of illegal narcotics, which would constitute evidence of the TARGET OFFENSES;
5. reflects communications between Romeo Francisco Ramirez (Defendant Ramirez), Vincent Lee Alston (Defendant Alston), Cristian Santay-Rosales (Defendant Santay-Rosales), and Diego Rigoberto Lopez (Defendant Lopez) and other individuals who may have assisted or provided support in the possession of firearms and vehicles, which would constitute evidence of the TARGET OFFENSES;
6. documents or contains evidence of the obtaining, secreting, transfer, expenditure, and/or the concealment of firearms, carjacked vehicles and the locations used for those purposes, which would constitute evidence of the TARGET OFFENSES;
7. documents or contains evidence of the purchase of firearms, carjacked vehicles and the locations of those incidents, which would constitute evidence of the TARGET OFFENSES; and
8. identifies google searches for firearms, and vehicles, which would constitute evidence of the TARGET OFFENSES.

16

II.    **Government Procedures for Warrant Execution**

The United States government will conduct a search of the information and determine which information is within the scope of the information to be seized specified in Section I. That information that is within the scope of Section I may be copied and retained by the United States.

Law enforcement personnel will then seal any information that does not fall within the scope of Section I and will not further review the information absent an order of the Court. Such sealed information may include retaining a digital copy of all information received pursuant to the warrant to be used for authentication at trial, as needed.

17

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE SEARCH OF:

FOUR CELLULAR TELEPHONES THAT
ARE CURRENTLY IN THE POSSESSION
OF THE FEDERAL BUREAU OF
INVESTIGATION IN WASHINGTON, D.C.

No. 20-SW-276

**AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT**

I, Erik Potrafka, a Special Agent with the Federal Bureau of Investigation (hereinafter, "your affiant" or "I"), being duly sworn, depose, and state as follows:

**INTRODUCTION**

1.      I am "an investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of four cellular telephones seized as a result of Metropolitan Police Department (MPD) arrests of Romeo Francisco Ramirez (Defendant Ramirez), Vincent Lee Alston (Defendant Alston), Cristian Santay-Rosales (Defendant Santay-Rosales), and Diego Rigoberto Lopez (Defendant Lopez): a black in color iPhone; Black in color Samsung phone with cracked screen IMEI # 351767110827671; Rose in color iPhone with black case, T-Mobile SIM card number 8901260175 753389135; and Black in color iPhone with clear case having an AT&T Sim card number of 8901410427 2836464870 ("TARGET DEVICES"), which are currently in the possession of the FBI in Washington, D.C.

1

As discussed below, the TARGET DEVICES were recovered from Defendant Santay-Rosales and Defendant Lopez following an arrest by MPD On October 26, 2020, at approximately 7:01 PM.  Members of MPD were responding to a reported Car Jacking when they observed a vehicle reported as being Car Jacked earlier in the day.  After a brief pursuit of the vehicle Defendant Santay-Rosales and Defendant Lopez were arrested and an iPhone rose in color with black case along with an iPhone black in color with clear case were recovered.   The other two phones, identified as a black in color iPhone and black in color Samsung with cracked screen were recovered by United States Park Police following the pursuit of Defendant Ramirez in a reported carjacked vehicle.

## JURISDICTION

3.     This Court has the authority to issue the requested warrant in this matter because it is a court that has jurisdiction over the offenses being investigated in this matter, which are detailed below, and the TARGET DEVICES are present in this jurisdiction.

## AGENT QUALIFICATIONS

4.     I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been since September 2018.  I am currently assigned to the FBI Violent Crime Task Force which investigates violent crime and threats.  As a Special Agent with the FBI, I am authorized to investigate violations of the law of the United States, and I have been involved with numerous criminal investigations involving violations of federal law.  I am a law enforcement officer with the authority to execute arrest and search warrants under the authority of the United States.

5.     Prior to becoming a Special Agent with the FBI, I was a Special Agent with the United States Secret Service, and prior to that a police officer, advancing to the rank of Detective,

with the Glendale Heights, Illinois, Police Department for approximately nine and a half years.  I have received training in general law enforcement and federal investigations.  I have participated in the execution of multiple search warrants in which evidence and instrumentalities of criminal activity have been seized.  As part of my duties, I have investigated carjackings, bank robberies, kidnappings and other crimes of violence.

6.      Since this affidavit is being submitted for the limited purpose of obtaining a search warrant for the TARGET DEVICES, I have not set forth every fact learned during the course of this investigation. I make this affidavit based, in part, on my personal knowledge and observations derived from my participation in this investigation, information provided by other law enforcement officers, reports and data provided by other officers, which I have read and reviewed, and, in part, upon information and belief.

7.      Based on your affiant's knowledge, training, and experience, a cellular telephone is a handheld wireless device used primarily for voice communication through radio signals. Cellular telephones send signals through networks of transmitter/receivers called "cells," enabling communication with other cellular telephones or traditional "land line" telephones. A cellular telephone usually includes a "call log," which records the telephone number, date, and time of calls made to and from the phone.

8.      In addition to enabling voice communications, cellular telephones offer a broad range of capabilities. These capabilities include, but are not limited to: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and email; taking, sending, receiving, and storing digital photographs and videos; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and

3

accessing and downloading information from the Internet. In this capacity, your affiant knows that cellular telephones have capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, Global Positioning System ("GPS") navigation device, audio and video recording device, and personal digital assistant ("PDA"), and can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. Even when a user deletes information from a cellular phone, forensic search tools can sometimes recover the information.

9.      In your affiant's training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device. Your affiant also knows that those involved in criminal activities often take, or cause to be taken, photographs of themselves, their associates, and property derived from their criminal activities, on cellular telephones. In your affiant's experience, people who possess firearms like to take pictures of themselves with those firearms to prove ownership of a particular firearm to their associates and friends. These pictures or videos are excellent evidence of illegal gun possession and a target's familiarity with or access to firearms.

10.     Your affiant has consulted with forensic cellular telephone examiners who regularly conduct examinations of cellular telephones and have learned that conducting cellular telephone examinations is a highly technical process using specific tools for which the examiners receive training.

11.     As discussed below, your affiant believes that there is probable cause that the TARGET DEVICES (as described in Attachment A, as incorporated herein), contain evidence of

Carjacking, in violation of Title 18 USC § 2119(1) (Carjacking);  (the "TARGET OFFENSES"),

(as described in Attachment B, as incorporated herein).

## PROBABLE CAUSE

12.     Between October 26, 2020, and October 27, 2020, Romeo Francisco Ramirez

(Defendant Ramirez), Vincent Lee Alston (Defendant Alston), Christian Santay-Rosales

(Defendant Santay-Rosales), and Diego Rigoberto Lopez (Defendant Lopez), jointly participated

in a series of armed carjackings in the District of Columbia and the State of Maryland.

13.     On October 26, 2020, at approximately 1:55 pm (1355 hours), the victim was

sitting in a 2017 Porsche Macan, with Maryland Tags 7EA6687 at 5201 Upton Terrace NW,

Washington, DC.  Defendants Santay-Rosales and another person drove up to the location in a

white sedan, and Defendant Santay-Rosales exited the sedan, brandished a black handgun, and

demanded that the victim exit the vehicle.  The victim exited the vehicle but kept the vehicle's

key fob in his pocket.  Defendant Santay-Rosales then fled in the Porsche Macan, followed by

another person who was driving the white sedan. The Porsche was recovered approximately 15

min. later in front of 1415 Wisconsin Ave NW, Washington, DC. Approximately three blocks

from 2820 O Street NW, Washington, DC.  The victim identified the suspect with the handgun

as a Hispanic male, approximately 20-25 years old, 5'9" in height, medium build, wearing a

black shirt, black pants, a black facemask, and medium complexion with dark curly hair.  Based

on that description your affiant has identified the perpetrator as Defendant Santay-Rosales.

14.     On October 26, 2020, at approximately 2:24 pm (1424 hours) a black 2020

Volkswagen Tiguan, with Maryland Temp Tags T0169250, was parked in front of 2820 O Street

NW, Washington, DC. The driver (Victim-1) noticed a light colored Toyota Camry sedan pull up

and block him in.  Defendant Santay Rosales exited the passenger seat of the Camry and pointed a black handgun at the victim and ordered the victim out of the car. Victim 1, Victim 1's father (Victim 2), and Victim 1's children (Victims 3 and 4) exited the vehicle, and Defendant Santay-Rosales got into the vehicle and fled the area, followed by another person in the light colored Toyota Camry.  One of Victim 1's credit cards was inside the vehicle. Shortly after the carjacking, Victim 1 began receiving notifications of fraudulent charges on the card in the vicinity of Mount Rainer, Maryland.  Volkswagen was able to track the vehicle to the parking lot of 5705 Cypress Creek Drive, Chillum, Maryland, and that the vehicle had been stationary since 5:45 pm (1745 hours) on October 26, 2020. The vehicle was recovered by Law Enforcement at 7:20 pm (1920 hours) on October 26, 2020. The victim identified the suspect with the handgun as a Hispanic male, with dark curly hair, thin to medium build, with a black handgun.

15.     On October 26, 2020 at approximately 3:16 pm (1516 hours), Defendants Santay-Rosales and Ramirez were captured on video surveillance using a credit card stolen during the carjacking at 2820 O Street NW to make a purchase at the DC Mini Mart located at 2319 Varnum Street, Mount Rainer, Maryland.

6




ROMEO FRANCISCO RAMIREZ I




16.     Defendant Ramirez is identified based on the picture of his face in the

surveillance video as compared with the picture of his face at his arrest, as well as the fact that he

is wearing a long sleeved black shirt in both photographs.  Defendant Santay-Rosales is

identified based on the photographs of his face in the surveillance video as compared with the

picture of his face at his arrest, as well as the fact that MPD documented that he was wearing

torn jeans and a black hooded shirt when he was arrested.  Video surveillance from the DC Mini

7

Mart's parking lot shows the stolen, black 2020 Volkswagen Tiguan parked in the lot while Defendants Santay-Rosales and Ramirez made the purchase.

17.     On October 26, 2020 at approximately 5:04 pm (1704 hrs), a black 2017 Mercedes-Benz GLC 300 Coupe with DC Tags GB 9839, was parked outside a grocery store at 3809 12th Street NE, Washington, DC. As the victim exited the Mercedes to enter the grocery store, a gray sedan with DC Tags GC 2484, came speeding up behind the victim. Defendant Ramirez exited the front passenger seat of the Toyota sedan, produced a black handgun, and demanded the keys to the victim's car. Defendant Santay-Rosales then exited the Toyota sedan and stood with Defendant Lopez. The victim tossed his keys to Defendant Ramirez and turned to walk into the grocery store. Defendants Rarirez and Santay-Rosales entered the Mercedes and fled the parking lot followed by other individuals in the gray Toyota sedan. The victim identified the subjects as a Hispanic male, white T-shirt, black vest or hoodie, possibly in his 20's, black hair, black mustache, 5'08"-5'09", 150 lbs, with a black handgun, and a Hispanic male, 6'01", slim build, 180 lbs, with a black puffy coat and a hood. Based on that description, your affiant has identified the perpetrators as Defendants Ramirez and Santay-Rosales.  Latent fingerprint evidence puts Defendant Ramirez inside the Mercedes-Benz GLC 300 Coupe, and as stated below Defendant Santay-Rosales was arrested following a car chase involving the Mercedes-Benz GLC 300 Coupe.

18.     On October 26, 2020, at approximately 6:19 pm (1819 hours), the owner of a 2018 Volvo T5 was sitting in his vehicle on Franklin Street NE, Washington, DC, (just east of 17th Street NE), when he was approached by Defendants Ramirez and Santay-Rosales. Defendant Ramirez brandished a black, semi-automatic hand gun and demanded that the victim

get out of the car. The victim got out of the car as the subjects entered his vehicle. The subjects

could not find the keys to the vehicle so the victim fled the area and called 911. Upon return to

his vehicle the victim noted that his brown Coach wallet with his DC Driver's License and

miscellaneous credit cards were stolen from the vehicle. The victim described the suspects as a

Hispanic Male, 5'08"-5'09" in height, wearing a black hoodie sweatshirt, black pants, with a

facemask, approximately 165 pounds, about 18-23 years old, with a black semi-automatic pistol,

and an 18-23 year male old wearing a black hoodie and slightly heavier than the first subject.

Based on that description, your affiant has identified the perpetrators as Defendants Ramirez and

Santay-Rosales. As noted below, Defendant Santay-Rosales was arrested after a stolen 2017

Mercedes-Benz GLC 300 Coupe crashed during a police chase. The victim's DC Driver's

License was recovered on the ground near the crashed Mercedes-Benz. As noted below items

stolen from the Volvo T5 were recovered following a police chase in which law enforcement

officers recovered Defendant Ramirez's driver license which he dropped during a foot chase.

     19.    On October 26, 2020, at approximately 6:41 pm (1841 hours), the owner of a

black Infiniti QX60 SUV bearing DC tag GC 9176 was parking the vehicle on the 1300 block of

Parkwood Pl NW, Washington, DC, (directly to the side of 3517 14th Street NW).  Defendant

Ramirez and other individuals pulled up next to the Infinity in a black 2017 Mercedez-Benz

GLC 300 Coupe, blocking it in. Defendant Ramirez exited the vehicle and pointed a black

handgun at the driver (Victim 1) and stated "get the fuck out of the car."  Victim 1 told

Defendant Ramirez to take the car and told the three children in the backseat (Victims 2, 3, and

4) to exit the vehicle. Defendants Ramirez and another suspect entered the Infinity and fled, and

the other individuals fled in the Mercedes-Benz GLC 300 Coupe. The victim described the

subject with the firearm as a Hispanic male, wearing a black jacket, possibly Northface, a black shirt, black hoodie, black pants, and black facemask, with short hair. Based on that description, your affiant has identified Defendant Ramirez as the individual with the firearm.

20.     On October 26, 2020 at approximately 6:50 pm (1850 hours), Defendant Ramirez and another individual, driving a stolen black Infiniti QX60 SUV, parked alongside a silver Subaru Cross Trek DC tag FZ 2662, that was parked at Rock Creek Park Picnic Grove 2, Beach Drive NW, Washington, DC. Defendant Ramirez approached the driver of the Subaru, brandished a handgun, and ordered the driver out of the car.  When the driver of the Subaru asked if he could keep his phone to call for help, Defendant Ramirez grabbed the phone and threw it.  Defendant Ramirez and the other suspect then entered the Subaru, leaving the Infinity behind, and drove off.  At the exit to Rock Creek Park Picnic Grove 2, Defendant Ramirez rendezvoused with a black Mercedes-Benz GLC 300 Coupe, and drove off together in the same direction.  The victim described the subjects as a Hispanic male, wearing a black jacket, possibly Northface, a black shirt, black hoodie, black pants, and black facemask, with short hair holding a black handgun.  Based on that description, your affiant has identified the perpetrator as Defendant Ramirez.

21.     On October 26, 2020, at approximately 7:01 pm (1901 hours), Law Enforcement was canvassing the area in response to the carjacking earlier in the day of a black 2017 Mercedes-Bens GLC 300 Coupe with DC Tags GB 9839. The black Mercedes was observed by Law Enforcement and was noted to be occupied by two individuals. When the driver of the Mercedes noticed Law Enforcement he fled in the vehicle at a high rate of speed, ignoring red lights, stop signs, and driving on the wrong side of the road. The driver of the vehicle lost control

of the vehicle and flipped it over with all four wheels pointed toward the sky. The Mercedes was seen with a silver Subaru Cross Trek prior to fleeing from Law Enforcement. After the vehicle flipped, one of the occupants fled the area on foot and was apprehended by Law Enforcement after a brief chase. He was identified as Christian Santay-Rosales. Defendant Santay Rosales complained of injury to the ribs and was admitted to the hospital. The second subject was found inside the vehicle and suffering from multiple injuries. He was identified as Diego Rigoberto Lopez.  Defendant Lopez and was admitted to the hospital after suffering injuries to his left leg as a result of the car crash, along with other injuries.

22.     During the arrest of Defendant Lopez and Defendant Santay-Rosales, two cellular phones were recovered identified as a rose in color iPhone with black case (T-Mobile Sim Card Number 8901260175 753389135) and a black in color iPhone with clear case (AT&T Sim Card Number 8901410427 2836464870).

23.     On October 26, 2020, at approximately 8:45 pm (2045 hours), Law Enforcement observed a silver Subaru Cross Trek bearing DC Tags FZ 2662 parked at the Crown Gas Station located at 3011 Martin Luther King Jr. Avenue SE, Washington, DC. Defendant Ramirez shirt exited the Gas Station and entered the driver's side door of the Subaru. A clear view into the Subaru showed a male and a female with no facial coverings. After a brief chase by vehicle and then on foot, the passenger – R.M.T., a minor female – was arrested and identified. Defendant Ramirez was observed fleeing on foot with a gun in his hand. A search of the area where the driver fled discovered a brown wallet on the ground containing the Washington, DC Driver's License of Romeo Francisco Ramirez. Officers also recovered one Bank of America Card, one Wells Fargo

11

Card, one GameStop Card, and one Blue Cross Blue Shield Card, all of which had been stolen during the carjacking of the 2018 Volvo T5 from Franklin Street NE, Washington, D.C.

24.     During the arrest of the female juvenile, a black iPhone was found on the ground near the female juvenile.  The female juvenile claimed ownership of the cellular phone to law enforcement.

25.     During a search of the Subaru, a black in color Samsung with cracked screen, IMEI number of 351767110827671 was located on the front floorboard of the vehicle.

26.     On October 27, 2020, at approximately 1:25 am (0125 hours) the owner of a 2019 Kia Optima with Maryland License Plate number 3DY3711 was sitting in his vehicle in the driveway of a residence at 131 Maryland Park Drive, Capitol Heights, Maryland.  Defendant Ramirez approached the victim, brandished, a black handgun, and ordered the victim out of the car. Defendant Ramirez then demanded the victim's wallet, keys, and phone, and patted the victim down looking for other valuables. Defendants Ramirez and Alston then entered the vehicle with T.R.A., a minor female, and fled.

27.     On or about October 27, 2020, officers of the Metropolitan Police Department and the Prince George's County, Maryland Police Department located the stolen 2019 Kia Optima with Maryland License Plate number 3DY3711 at 2066 Douglas Place SE Washington, D.C. 20020. When the officers arrived on the scene, Defendant Ramirez was seated in the driver's seat, Defendant Alston was seated in the front passenger seat, and T.R.A. was seated in the rear passenger compartment.  Search incident to arrest, officers discovered a Springfield Armory, model XD9 semi-automatic 9mm handgun fully loaded with one round in the chamber and 16 rounds in a high-capacity magazine in the vehicle.  Defendant Ramirez was taken to the victim's

12

residence for a show-up identification, and the victim positively identified Defendant Ramirez as the man who pointed the gun at him.

## CONCLUSION

28.     Based upon the above-referenced facts, your affiant asserts that there is probable cause to believe that the TARGET DEVICES (as described in Attachment A) contain evidence of the TARGET OFFENSES (as described in Attachment B).

## AUTHORIZATION TO SEARCH AT ANY TIME OF THE DAY OR NIGHT

29.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. I further request that the Court permit the search warrant to be executed at any time given that the TARGET DEVICES are contained on the premises of the MPD in Washington, D.C.

30.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to perform a forensic digital extraction of the TARGET DEVICES outside of daytime hours as the search will be conducted in a law enforcement setting over a potentially prolonged period of time.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

_____
Erik Potrafka, Special Agent
Federal Bureau of Investigation

Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on October 30, 2020.

_____
G. Michael Harvey,
United States Magistrate Judge

13